

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 15, 2013

**BY HAND**

The Honorable William H. Pauley III
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/15/2013

Re: <u>United States v. Richard Chichakli</u>, 09 Cr. 1002 (WHP)

Dear Judge Pauley:

The Government respectfully requests that the Court enter the enclosed Protective Order in connection with certain items produced as Rule 16 discovery in the above-referenced matter. Specifically, the Government asks that a Protective Order be entered for certain items produced in discovery which contain third party information, including bank records and other documentary records of victims of the alleged offenses. (*See* paragraphs 1(b), (c), and (d) of the enclosed proposed Protective Order.) The Government also asks that the Protective Order extend to certain consensual recordings and associated transcripts (*see* paragraph 1(e) of the enclosed proposed Protective Order), the contents of the laptop computer that was seized from Viktor Bout at the time of his arrest in Thailand in or about March 2008 (the "Bout Laptop Computer"), which laptop computer contains information personal to Mr. Bout (*see* paragraph 1(a) of the enclosed proposed Protective Order), and documents relating to Mr. Chichakli's inclusion on the Specially Designated Nationals ("SDN") List, and his correspondence relating thereto, which documents were obtained from the Office of Foreign Assets Control ("OFAC") (*see* paragraph 1(f) of the enclosed proposed Protective Order).

The Government believes that a Protective Order is necessary in this matter – with respect to the limited collection of discovery materials described in the enclosed proposed order -- for the following reasons. Mr. Chichakli has in the past posted numerous videos on YouTube during which he discusses at length his perceived persecution by the United States government. During those videos, Mr. Chichakli reads from and holds up to the video camera documents relating to his OFAC designation and this case. Mr. Chichakli has also historically maintained an extensive internet presence in the form of at least two different websites, on which he has posted a substantial portion of the documentary record of his dealings with OFAC and other entities of the United States government. Mr. Chichakli will have daily access at the MDC to all

of the discovery materials produced in this matter, and like the vast majority of inmates, it is the Government's understanding that Mr. Chichakli has access to email and the internet. Accordingly, the Government is concerned that Mr. Chichakli will, as he has done in the past, post to the internet the discovery materials produced in this case, which include third party bank records, email correspondence, and other items. In order to prevent that public disclosure, the Government respectfully requests that the Court enter the proposed Protective Order.

Mr. Chichakli opposes the entry of a Protective Order in this case. During the conference on August 8, 2013, Mr. Chichakli explained that while he has no intention of publicly disclosing the discovery materials in this case, he is concerned that the Protective Order proposed by the Government could unfairly subject him to sanctions, since he claimed that all of the items subject to the Government's proposed Protective Order, with the exception of the recordings and transcripts referenced in paragraph 1(e), are already in the public domain.

The Government is aware that certain limited documents and other items from the Bout Laptop Computer were admitted as exhibits during the criminal trial in the matter of United States v. Viktor Bout, 08 Cr. 365 (SAS) (S.D.N.Y.), and in that manner were made a part of the public record. The Government is not aware, however, of any general public availability of the contents of the Bout Laptop Computer otherwise.[1] While the Government is aware that a number of the documents obtained from OFAC (referenced in paragraph 1(f) of the enclosed proposed Protective Order) have been publicly disclosed, either during court proceedings relating to Mr. Chichakli's listing on the SDN list (in the matter of Richard A. Chichakli v. Adam Szubin, 3-06-CV-1546-N (N.D. Tex.), and related proceedings), or because Mr. Chichakli himself has posted these materials on the internet, we certainly are not aware of the other items described in paragraphs 1(b), (c), and (d) of the enclosed proposed Protective Order being publicly available on the internet or otherwise.

In order to address the concerns voiced by Mr. Chichakli on the record during the August 8 conference, the enclosed proposed Protective Order expressly excludes from the documents and materials covered therein those documents and materials that are already in the public domain at the time of the entry of the Protective Order, as a result of one of the following three mechanisms (which constitute the only mechanisms of which the Government is aware by which these items may have been disclosed publicly): (i) documents and other material that are in the public domain because they were made public in connection with the criminal prosecution of Viktor Bout, in the matter United States v. Viktor Bout, 08 Cr. 365 (SAS) (S.D.N.Y.), and related proceedings; (ii) documents and other material that are in the public domain because they were made public in connection with the case of Richard A. Chichakli v. Adam Szubin, 3-06-

---

[1] The Government is still in the process of reviewing the content of the electronic media that were seized by the Australian Federal Police at the time of Mr. Chichakli's arrest earlier this year. It does appear, however, that among those items seized was an external hard drive that contained at least some portion if not the entirety of the Bout Laptop Computer. The Government does not have any knowledge that Mr. Chichakli has made this content available to the public.

CV-1546-N (N.D. Tex.), and related proceedings; (iii) and documents and other material that are in the public domain because they were disseminated by the defendant in connection with video recordings posted on YouTube or on websites maintained by the defendant (see items produced in discovery which are marked with the Bates prefix "RCWEB"). The Government believes that this additional proposed language appropriately addresses Mr. Chichakli's concerns.

As noted above, apart from the documents and other materials discussed above, the Government is not aware that any of the other categories of information we propose be subject to the enclosed Protective Order is currently publicly available. To the extent Mr. Chichakli has a different understanding, we are happy to confer with him in order to ensure that our proposed language in the Protective Order is sufficiently broad.

Respectfully Submitted,

PREET BHARARA
United States Attorney

By: _____
Christian R. Everdell/Jenna M. Dabbs/Ian McGinley
Assistant United States Attorneys
(212) 637-2556/2212/2257

Enclosure

cc: Richard Chichakli, Reg. No. 92036-054 (by first class mail)
Marlon Kirton, Esq. (by email)
Alexandra Tseitlin, Esq. (by email)

Application denied at this time. The Government is directed to include an exception for documents that are in the public domain without regard to who placed them there. The Government is directed to provide a further explanation regarding the necessity of including in the protective order documents relating to Chichakli's inclusion on the SDN list. Mr. Kirton is directed to confer with Mr. Chichakli and the Government regarding an appropriate means to make and receive communications expeditiously with the Court.

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.