

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/4/13

U.S. Department of Justice

Federal Bureau of Prisons

Metropolitan Detention Center
80 29th Street
Brooklyn, New York 11232
(718) 840-4200

Docket S File

August 28, 2013

09Cr1002 (WHP)

P. Ian McGinley
Assistant United States Attorney
United States Attorney's Office
Southern District of New York, Criminal Division
One St. Andrew's Plaza
New York, New York 10007

    Re: Richard Chichakli, Reg. No. 92036-054

Dear Mr. McGinley:

    This letter is in response to an inquiry from the Honorable William H. Pauley III regarding the above inmate's ability to review his electronic discovery on a laptop in MDC Brooklyn.

    As an initial matter, I note that this laptop is accessible to Mr. Chichakli in MDC's visiting room any time legal visiting is permitted, which is 8 AM to 7:30 PM Monday through Friday, and 8 AM to 3 PM on Saturday and Sunday. Mr. Chichakli need only request access to the laptop from MDC staff on duty at the time, and he is permitted to go to the visiting room to review his discovery on his laptop.

    Unfortunately, MDC Brooklyn cannot permit Mr. Chichakli to take this laptop in to his cell. Mr. Chichakli is housed in MDC's general population, and the presence of the laptop in general population would threaten the safety of the staff, inmate population, and public. MDC has no ability to monitor Mr. Chichakli's activities on the laptop; accordingly, this device, if properly altered to enable communication via the internet or tethered to an illicit cell phone, poses the potential for Mr. Chichakli's virtually unfettered contact with the public, and the possibility for any inmate housed in Mr. Chichakli's housing unit, or any inmate able to contact any inmate housed in Mr. Chichakli's unit, to do the same. Were Mr. Chichakli to possess the laptop in his housing unit, he could utilize the laptop out of the visual supervision of a staff member in his cell, and in addition, only one officer is assigned to supervise 120 inmates in the housing unit, so Mr. Chichakli would receive little direct supervision. Though some of these risks still exist even where Mr. Chichakli is permitted to view the laptop in the visiting room, these risks are mitigated by the fact that Mr. Chichakli receives substantially more supervision in the visiting room: there are typically two to four staff members present in the visiting room with Mr. Chichakli, supervising a smaller physical space, there are far fewer inmates present in the visiting room, and no other inmates could approach Mr. Chichakli while he was using the laptop without

attracting undue attention.

There are numerous other practical concerns with permitting the laptop in to MDC's general population. First, the presence of this laptop in MDC's general population would inevitably lead to requests from each inmate housed here for his or her own laptop. This is simply not possible or administrable in a correctional environment. MDC Brooklyn treats inmates housed here in a uniform manner; the presence of the laptop in the general population housing unit would draw undue attention to Mr. Chichakli on the housing unit, and may pose a threat to him - Mr. Chichakli could be the target of bribery or extortion from the inmate population. Other inmates would likely target Mr. Chichakli's laptop and attempt to use it for their own purposes - for example, to view contraband movies in the privacy of their own cells. In addition, the many parts of the laptop could be fashioned as weapons - the size and shape of the laptop, as well as its parts, lend themselves to use as weapons. In sum, the presence of the laptop would threaten not only Mr. Chichakli, but the MDC Brooklyn staff members who would have to intervene to protect the inmate.

I trust this has satisfied the Court's concerns. Please feel free to contact me at (718) 840-4200 x4744 if you would like to discuss this issue in any further detail.

Sincerely,

/s/
Kenneth Bork
Staff Attorney
Federal Bureau of Prisons