UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,          :

    - v -                                          :           S2 09 Cr. 1002 (WHP)

RICHARD AMMAR CHICHAKLI,           :
    a/k/a "Robert Cunning,"
    a/k/a "Raman Cedorov,"           :

              Defendant.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION
# TO DEFENDANT'S ADDITIONAL PRETRIAL MOTIONS

                                        PREET BHARARA
                                        United States Attorney
                                        Southern District of New York
                                        Attorney for the United States of America

Christian R. Everdell
Ian McGinley
Jenna M. Dabbs
Assistant United States Attorneys
    - Of Counsel-

**PRELIMINARY STATEMENT**

The Government respectfully submits this memorandum of law in opposition to the defendant's additional pretrial motions filed on September 12, 2013.[1]  The defendant now moves to dismiss the indictment on the grounds that the Government engaged in outrageous misconduct, in two ways – (1) by failing to provide discovery to the defendant that purportedly contains *Brady* material, and (2) by improperly extraditing the defendant's co-conspirator, Viktor Bout to the United States.

These motions should be swiftly rejected.  The Government has provided extensive discovery to the defendant and the defendant fails to identify with any specificity the information the Government has failed to provide or how that information constitutes *Brady* material.  Moreover, the defendant's claims that Bout was wrongly extradited in an entirely separate prosecution, even if accurate, which they are not, are not a basis to dismiss the indictment against this defendant.  Accordingly, the defendant's motions should be denied in their entirety.

**RELEVANT BACKGROUND**

On November 10, 2009, a grand jury in the Southern District of New York returned the second superseding indictment in this case, charging Chichakli with violations of the International Emergency Economic Powers Act ("IEEPA"), as well as money laundering and wire fraud offenses (the "Indictment").  The Indictment alleges that after the Office of Foreign Assets Control ("OFAC") placed Chichakli and his co-conspirator, Viktor Bout, on the list of Specially Designated Nationals, thereby prohibiting them from engaging in any financial transactions in the United States, Chichakli conspired with Bout and others to evade those

---

[1] On August 23, 2013, Chichakli filed a number of initial pretrial motions.  The Government responded to these motions on September 5, 2013.

sanctions by contracting with two Florida-based companies to purchase at last two aircraft located in the United States for a company that Bout and Chichakli controlled, Samar Airlines, based in Tajikistan.

The Indictment was unsealed on January 2, 2013.  Chichakli was arrested in Melbourne, Australia shortly thereafter, on January 10, 2013.  Chichakli waived extradition and was transferred to the United States on May 24, 2013.  Chichakli has been held without bail since then.

Since his arrival in the United States, the Government has provided extensive discovery to the defendant.  That discovery includes information seized by the Australian Federal Police ("AFP") at the time of Chichakli's arrest, and by the FBI on or about April 26, 2005, during the search of Chichakli's home and businesses in Texas.  The FBI seized a large volume of materials, consisting of multiple computer servers, computers, hard drives, cellular telephones, and hundreds of floppy disks and compact disks, among other items.

On or about April 24, 2008, over a year before the filing of the Indictment against Chichakli, Viktor Bout was separately charged in Indictment 08 Cr. 365 (SAS) with conspiracy to kill United States nationals, conspiracy to kill officers and employees of the United States, conspiracy to acquire and use anti-aircraft missiles, and conspiracy to provide material support or resources to a foreign terrorist organization.  (*See* 08 Cr. 365, Doc. No. 2).  Chichakli was not charged in this indictment.  The Government extradited Bout to the United States on these charges and Bout was ultimately convicted on all counts after a jury trial.  (*See* 08 Cr. 365, Doc. No. 9).  The charges Bout was convicted of are unrelated to the charges in this case.

## ARGUMENT

### I. THE GOVERNMENT HAS NOT COMMITTED MISCONDUCT

As set forth below, the Government has produced to Chichakli all the evidence it intends to use at trial that was seized by the AFP at the time of Chichakli's arrest, and by the FBI from his residence and business. Chichakli offers nothing but conclusory statements about the purportedly missing evidence and how this evidence is exculpatory. Furthermore, Bout's extradition on separate charges in a separate case has no bearing on the case against Chichakli and in any event, was upheld by the District Court.

#### A. Applicable Law

As the Second Circuit has observed, outrageous government conduct is "an issue frequently raised that seldom succeeds." *United States* v. *Schmidt*, 105 F.3d 82, 91 (2d Cir. 1997); *accord United States* v. *LaPorta*, 46 F.3d 152, 160 (2d Cir. 1994) ("Such a claim rarely succeeds."). Although "in principle" government over-involvement in criminal activity could rise to the level of a due process violation, such a violation would require "Government conduct that shocks the conscience." *United States* v. *Rahman*, 189 F.3d 88, 131 (2d Cir. 1999) (quotation marks omitted); *see also United States* v. *Al Kassar*, 660 F.3d 108, 121 (2d Cir. 2011). In practice, the Second Circuit has never found such a violation and has repeatedly observed that "[o]rdinarily such official misconduct must involve either coercion or violation of the defendant's person," *United States* v. *Schmidt*, 105 F.3d at 91 (citations omitted); *accord United States* v. *Rahman*, 189 F.3d at 131.

#### B. The Government Has Complied With Its Rule 16 Obligations And Is Not Aware Of Any *Brady* Materials

The Government has produced to Chichakli all of the evidence the Government currently intends to use at trial that was seized by the Australian Federal Police and the FBI.

4

With respect to the materials seized by the AFP, the Government requested from Australian law enforcement authorities all of the evidence seized in connection with the search of Chichakli's residence and the search of his vehicle at the time of his arrest in Australia in January 2012. The Government believes that it has produced to the defendant copies of all of the evidence that it received from the Australians.

With respect to the information seized by the FBI in Texas in 2005, the Government received a large volume of evidence, both in paper and electronic form. As noted in the Government's discovery letter dated July 19, 2013 (attached hereto as Exhibit A), the Government has produced a significant portion of this evidence, including a selection of paper documents, but not a complete production. In that letter, the Government specified that the defendant was welcome to review the remainder of the paper documents upon his request. To date, he has not made such a request. With respect to the electronic evidence, because of the volume of the data and difficulties in copying some of the outdated technology that was seized, the Government has not produced all of the electronic evidence. For example, some of the electronic equipment did not turn on, some did not yield a readable forensic image, and some, like the numerous floppy disks, were so voluminous and difficult to copy that the Government elected not to copy them. Although the Government did not specifically state in its discovery letter that the defendant could review these materials as well, the Government will certainly make arrangements for stand-by counsel to review the remainder of the electronic evidence should the defendant so request. That is all that is required under Rule 16. *See United States* v. *Healey*, 860 F.Supp.2d 262, 269 (S.D.N.Y. 2012) (finding that the Government met its Rule 16 obligations where it made a computer available to the defendant, even though the Government did not provide copies of all the images on the computer to the defendant).

5

Regardless, there is no basis to dismiss the indictment. Chichakli fails to identify with any specificity the discovery he asserts is missing, or the basis for his belief that this information is missing. In its discovery correspondence with the defendant, the Government invited the defendant to make further discovery requests to the Government. Before filing these motions, the defendant never made a discovery request and made no effort to confer with the Government about the discovery materials he now seeks. *See* Local Criminal Rule 16.1 ("No motion addressed to . . . any discovery matter shall be heard unless counsel for the moving party files in or simultaneously with the moving papers an affidavit certifying that counsel has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court and has been unable to reach agreement). Even assuming *arguendo* that the Government could be deemed to have violated Rule 16, where, as here, there was no bad faith on the part of the Government, the proper remedy is for the Government to immediately make available the above-referenced materials, so that stand-by counsel may review them, and for the Government to endeavor to locate any specific documents that the defendant may identify as relevant or exculpatory, rather than the preclusion of the evidence or the outright dismissal of the indictment. *United States* v. *Rubirosa*, 100 F.3d 943 (2d Cir. 1996 ) ("The district court's admission of evidence following a violation of Rule 16(a) is not an abuse of discretion requiring a new trial unless the violation caused the defendant substantial prejudice.") (internal quotations and citation omitted)).

Furthermore, the Government is not aware of any *Brady* materials in its possession, or how the information Chichakli now seeks could constitute *Brady*. The documents seized from his home and office by the FBI in April 2005 at the time of his OFAC listing necessarily predate the conduct charged in the Indictment, which occurred *after* his OFAC listing and after he left the United States. Accordingly, it is difficult to imagine how these documents

6

could show, as Chichakli claims, that "during the years cited in the indictment . . . Chichakli did not violate any U.N. or OFAC sanctions." (Def. Memo at 3). In addition, even if the documents seized by the AFP reveal "extensive correspondence between Chichakli and the principles of Samar Air" that, by itself, does not demonstrate that Chichakli did not work at Samar Air. (*Id.*). In fact, extensive correspondence between Chichakli and principles of Samar Air demonstrates Chichakli's deep involvement in the business of Samar Air.

The defendant provides nothing but vague statements to the contrary. Instead, he merely asserts that "the defense has information that a large amount of material was not turned over by the government," and that the "defense believes that there is exculpatory information among the missing files and documents." (Def. Mem. 1-2). Chichakli references the number of gigabytes of data he believes he is missing from the discovery, but Chichakli does not identify the source of these statistics. (Def. Mem. 2-3). Such claims do not even come close to supporting the extreme remedy of dismissing the indictment based on outrageous government conduct.

Nevertheless, if the defendant specifically identifies certain categories of documents that he believes are *Brady*, and on which electronic devices he believes those documents may be found, the Government will endeavor to find those documents. In addition, the Government will make available all the evidence seized by the AFP and FBI for stand by counsel's review at the United States Attorney's Office.

### C. There Was No Outrageous Government Conduct In The Extradition Of Bout And The Defendant

Chichakli also claims that Bout, an unnamed co-conspirator in the Indictment, was extradited on an Indictment that was no longer valid because it had been superseded, resulting in a prejudicial "spillover" effect to Chichakli. (Def. Mem. 3). As a factual matter,

7

Chichakli is wrong.  Bout was charged in indictment 08 Cr. 365 (SHS)), and extradited on that Indictment.  No superseding indictment was filed in that case, and Bout was not extradited on the charges that the defendant now faces.  Further, Chichakli does not even attempt to explain how there is any "spillover" effect, much less a prejudicial one, from Bout's extradition on entirely separate charges in an entirely separate case.  In that regard, it should be noted that Bout unsuccessfully challenged the propriety of his extradition before the District Court on the grounds that the United States improperly pressured Thailand to extradite him.  The District Court found that Bout's motion was foreclosed by the "*Ker-Frisbie* doctrine," which holds that the manner in which an indicted individual comes before a court does not affect the court's jurisdiction, and by the doctrine that "our courts cannot second-guess another country's grant of extradition to the United States."   *United States* v. *Bout*, 2011 WL 3369797, at \*2 (S.D.N.Y. Aug. 2, 2011) (internal citations and quotations omitted).  The same principles apply here.  Accordingly, there was no outrageous government conduct in the extradition of Bout and certainly no prejudice to Chichakli from Bout's lawful extradition.

    Finally, though Chichakli appears to challenge his own extradition as being a product of outrageous government conduct, he provides no factual basis in support of the allegation that his extradition was somehow improper.  Indeed, Chichakli would be hard pressed to do so, given that he waived extradition from Australia to the United States.

## **CONCLUSION**

For the foregoing reasons, the Court should deny the defendant's additional pretrial motions in their entirety.

Dated:    New York, New York
          September 19, 2013

> Respectfully submitted,
>
> PREET BHARARA
> United States Attorney
>
> By:    _____/s/_____
>        Christian R. Everdell
>        Ian McGinley
>        Jenna M. Dabbs
>        Assistant United States Attorneys
>        (212) 637-2556/2257/2212

9

## **CERTIFICATE OF SERVICE**

I, Ian McGinley, Assistant United States Attorney for the Southern District of New York, hereby certify that on September 19, 2013, I caused a copy of the Government's Memorandum of Law in Opposition to Defendant's Additional Pretrial Motions to be delivered by regular mail to the defendant at the following address:

> Richard Chichakli
> Reg. No. 92036-054
> MDC Brooklyn
> Metropolitan Detention Center
> P.O. Box 329002
> Brooklyn, New York 11232

I also caused a copy of the Government's Memorandum of Law in Opposition to Defendant's Pretrial Motions to be delivered by electronic mail to the defendant's stand-by counsel at the following address:

> Marlon Kirton, Esq.
> 230 Park Avenue, Suite 1000
> New York, NY 10169
> marlongkirtonpc@optimum.net

Dated:   New York, New York
         September 19, 2013

_____/s/_____
Ian McGinley
Assistant United States Attorney
(212) 637-2257