**ORIGINAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | SUPERSEDING INDICTMENT |
| - v. - | : | S3 09 Cr. 1002 (WHP) |
| RICHARD AMMAR CHICHAKLI, <br>   a/k/a "Robert Cunning," <br>   a/k/a "Raman Cedorov," | : : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - -X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **OCT 2 5 2013**

### COUNT ONE

### CONSPIRACY TO VIOLATE THE
### INTERNATIONAL EMERGENCY ECONOMIC POWERS ACT

The Grand Jury charges:

1. From at least in or about June 2007, up to and including in or about December 2007, in the Southern District of New York and elsewhere, RICHARD AMMAR CHICHAKLI, a/k/a "Robert Cunning," a/k/a "Raman Cedorov," the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Title 50, United States Code, Sections 1701 through 1707.

2. It was an object of the conspiracy that RICHARD AMMAR CHICHAKLI, a/k/a "Robert Cunning," a/k/a "Raman Cedorov," the defendant, and others known and unknown, willfully and knowingly

would and did conduct financial transactions for the purpose of, and which had the effect of, violating, and which facilitated the violation of, the prohibitions set forth in Executive Order 13348 and the regulations issued under the Order and under the International Emergency Economic Powers Act ("IEEPA"), including the "Former Liberian Regime of Charles Taylor Sanctions Regulations," Title 31, Code of Federal Regulations, Part 593, to wit, CHICHAKLI and a co-conspirator not named as a defendant herein ("CC-1") engaged in business transactions with companies based in the United States and elsewhere to purchase airplanes and associated airplane services, equipment, and insurance, on behalf of Samar Airlines, a commercial airline and a passenger and cargo aircraft charter service based in the Republic of Tajikistan, in violation of the prohibitions set forth in Executive Order 13348 and Title 31, Code of Federal Regulations, Parts 593.201(a), 593.201(b), and 593.206.

## OVERT ACTS

3.   In furtherance of the conspiracy and to effect the illegal object thereof, RICHARD AMMAR CHICHAKLI, a/k/a "Robert Cunning," a/k/a "Raman Cedorov," the defendant, and others known and unknown, committed the following overt acts in the Southern District of New York and elsewhere:

   a.   On or about July 12, 2007, CHICHAKLI and CC-1,

on behalf of Samar Airlines, transferred approximately $339,977.35 from a bank account located in Cyprus and affiliated with the company Wartrex Holdings Limited, which funds were owned and controlled by CC-1, through a bank located in New York, New York, into the account of an aviation company located in Florida (the "Aviation Company"), in connection with the purchase of an aircraft.

      b.    On or about July 12, 2007, CHICHAKLI and CC-1, on behalf of Samar Airlines, transferred approximately $52,800.00 from a bank account located in the Republic of Kazakhstan and affiliated with the company Aviakompaniya Mega, which funds were owned and controlled by CC-1, through a bank located in Salt Lake City, Utah, into the account of the Aviation Company, in connection with the purchase of an aircraft.

      c.    On or about July 13, 2007, CHICHAKLI and CC-1, on behalf of Samar Airlines, transferred approximately $54,785.00 from a bank account located in the Republic of Kazakhstan and affiliated with the company Aviakompaniya Mega, which funds were owned and controlled by CC-1, through a bank located in Salt Lake City, Utah, into the account of the Aviation Company, in connection with the purchase of an aircraft.

      d.    On or about July 23, 2007, CHICHAKLI and CC-1, on behalf of Samar Airlines, transferred approximately $52,544.00

from a bank account located in the Republic of Kazakhstan and affiliated with the company Aviakompaniya Mega, which funds were owned and controlled by CC-1, through a bank located in New York, New York, into the account of the Aviation Company, in connection with the purchase of an aircraft.

e.   On or about July 30, 2007, CHICHAKLI and CC-1, on behalf of Samar Airlines, transferred approximately $252,000.00 from a bank account located in Russia and affiliated with the company Ilex Ventures Ltd., which funds were owned and controlled by CC-1, through a bank located in New York, New York, into the account of the Aviation Company, in connection with the purchase of an aircraft.

f.   On or about August 1, 2007, CHICHAKLI and CC-1, on behalf of Samar Airlines, transferred approximately $244,200.00 from a bank account located in Russia and affiliated with the company Ilex Ventures, Ltd., which funds were owned and controlled by CC-1, through a bank located in New York, New York, into the account of the Aviation Company, in connection with the purchase of an aircraft.

g.   On or about August 13, 2007, CHICHAKLI and CC-1, on behalf of Samar Airlines, transferred approximately $204,000.00 from a bank account located in Russia and affiliated with the company Ilex Ventures, Ltd., which funds were owned and controlled by CC-1,

through a bank located in New York, New York, into the account of the Aviation Company, in connection with the purchase of an aircraft.

        h.    On or about August 23, 2007, CHICHAKLI and CC-1, on behalf of Samar Airlines, transferred approximately $99,030.00 from a bank account located in the Republic of Kazakhstan and affiliated with the company Aviakompaniya Mega, which funds were owned and controlled by CC-1, through a bank located in Salt Lake City, Utah, into the account of the Aviation Company, in connection with the purchase of an aircraft.

        i.    On or about September 5, 2007, CHICHAKLI and CC-1, on behalf of Samar Airlines, transferred approximately $297,500.00 from a bank account located in Cyprus and affiliated with the company Trinipac Enterprises Limited, which funds were owned and controlled by CC-1, through a bank located in New York, New York, into the account of the Aviation Company, in connection with the purchase of an aircraft.

        j.    On or about September 14, 2007, CHICHAKLI and CC-1 caused a letter to be sent to the United States Ambassador to Tajikistan, purportedly signed by the Director of Samar Airlines, falsely stated, in relevant part, that "[CHICHAKLI's] relation to the company is no more than consultant/broker to facilitate the purchase of aircraft."

k.   On or about December 10, 2007, CHICHAKLI and CC-1 caused a letter to be sent to the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC"), purportedly signed by the Director of Samar Airlines, falsely stated, in sum and substance, that CHICHAKLI's only role with respect to Samar Airlines was to introduce Samar Airlines to another company for purposes of acquiring aircraft.

>(Title 50, United States Code, Section 1705;
>Title 18, United States Code, Section 371.)

### COUNT TWO

### THE MONEY LAUNDERING CONSPIRACY

The Grand Jury further charges:

4.   From at least in or about June 2007, up to and including in or about December 2007, in the Southern District of New York and elsewhere, RICHARD AMMAR CHICHAKLI, a/k/a "Robert Cunning," a/k/a "Raman Cedorov," the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Section 1956.

5.   It was a part and an object of the conspiracy that RICHARD AMMAR CHICHAKLI, a/k/a "Robert Cunning," a/k/a "Raman Cedorov," the defendant, and others known and unknown, willfully and knowingly would and did transport, transmit and transfer, and attempt

to transport, transmit and transfer monetary instruments and funds to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, CHICHAKLI caused funds from accounts outside the United States to be electronically transferred into bank accounts in the United States, for the purpose of, and which transfers had the effect of, violating, and which facilitated the violation of, the prohibitions set forth in Executive Order 13348 and the regulations issued pursuant to the Order and pursuant to IEEPA, including the "Former Liberian Regime of Charles Taylor Sanctions Regulations," Title 31, Code of Federal Regulations, Parts 593.201(a), 593.201(b), and 593.206, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

## OVERT ACTS

6.     In furtherance of the conspiracy and to effect the illegal object thereof, RICHARD AMMAR CHICHAKLI, a/k/a "Robert Cunning," a/k/a "Raman Cedorov," the defendant, and others known and unknown, committed the overt acts described in paragraph 3 above, and incorporated by reference herein as if set forth here in full.

(Title 18, United States Code, Section 1956(h).)

**COUNT THREE**

THE WIRE FRAUD CONSPIRACY

The Grand Jury further charges:

7.  From at least in or about June 2007, up to and including in or about December 2007, in the Southern District of New York and elsewhere, RICHARD AMMAR CHICHAKLI, a/k/a "Robert Cunning," a/k/a "Raman Cedorov," the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Section 1343.

8.  It was a part and an object of the conspiracy that RICHARD AMMAR CHICHAKLI, a/k/a "Robert Cunning," a/k/a "Raman Cedorov," the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, to wit, a scheme in which CHICHAKLI entered into transactions with aviation companies based in the United States to purchase airplanes and associated airplane services and equipment, in violation of the prohibitions set forth in Executive Order 13348 and Title 31, Code of Federal Regulations, Parts 593.201(a), 593.201(b), and 593.206, by concealing the true nature of his involvement in the transactions from both the aviation

8

companies and United States regulators, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, CHICHAKLI caused more than $1.7 million to be transferred from accounts located outside the United States into bank accounts in the United States, through banks located in the Southern District of New York and elsewhere, in violation of Title 18, United States Code, Section 1343.

## OVERT ACTS

9.   In furtherance of the conspiracy and to effect the illegal object thereof, RICHARD AMMAR CHICHAKLI, a/k/a "Robert Cunning," a/k/a "Raman Cedorov," the defendant, and others known and unknown, committed the overt acts described in paragraph 3 above, and incorporated by reference herein as if set forth here in full.

(Title 18, United States Code, Section 1349.)

## COUNTS FOUR THROUGH NINE

### WIRE FRAUD

The Grand Jury further charges:

10.   From at least in or about June 2007, up to and including in or about December 2007, in the Southern District of New York and elsewhere, RICHARD AMMAR CHICHAKLI, a/k/a "Robert Cunning,"

a/k/a "Raman Cedorov," the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, to wit, a scheme in which CHICHAKLI entered into transactions with aviation companies based in the United States to purchase airplanes and associated airplane services and equipment, in violation of the prohibitions set forth in Executive Order 13348 and Title 31, Code of Federal Regulations, Parts 593.201(a), 593.201(b), and 593.206, by concealing the true nature of his involvement in the transactions from both the aviation companies and United States regulators, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, on the dates set forth below, CHICHAKLI made and caused to be made the electronic funds transfers described in the table below, which transfers originated outside the United States and were cleared through banks located in New York, New York, to bank accounts in the name of the Aviation Company:

| Count | Wire | Amount | Date |
|---|---|---|---|
| 4 | Wire transfer 071207285600 | $339,977.35 | 7/12/07 |
| 5 | Wire transfer 070723014575 | $52,544.00 | 7/23/07 |
| 6 | Wire transfer 0730366149009237 | $252,000.00 | 7/30/07 |
| 7 | Wire transfer 0708018078300 | $244,200.00 | 8/1/07 |
| 8 | Wire transfer 0813332954008876 | $204,000.00 | 8/13/07 |
| 9 | Wire transfer 9227100248FS | $297,500.00 | 9/5/07 |

(Title 18, United States Code, Sections 1343 and 2.)

**FIRST FORFEITURE ALLEGATION**

11. As the result of committing the IEEPA offense in violation of Title 50, United States Code, Sections 1701 to 1706, alleged in Count One of this Indictment, and the wire fraud offenses in violation of Title 18, United States Code, Sections 1343 and 1349, alleged in counts Three through Nine of this Indictment, RICHARD AMMAR CHICHAKLI, a/k/a "Robert Cunning," a/k/a "Raman Cedorov," the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including but not limited to the following:

11

a. At least $1,732,756.00 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the offenses.

b. All funds and other property on deposit in account number 2000033075123, held in the name of RP Aviation Inc. at Wachovia Bank, that constitute or are derived from proceeds traceable to the offense alleged in Count One, and all property traceable thereto.

c. All funds and other property on deposit in account number 0717213717, held in the name of Insured Aircraft Title Services at the International Bank of Commerce, that constitute or are derived from proceeds traceable to the offense alleged in Count One, and all property traceable thereto.

d. All funds and other property on deposit in account number 00419223, held in the name of Aviation Refinancing Transaction LLC at Deutsche Bank, that constitute or are derived from proceeds traceable to the offense alleged in Count One, and all property traceable thereto.

e. All funds and other property on deposit in account number 0004503334, held in the name of Aventura Aviation LLC at Israel Discount Bank of New York, that constitute or are derived

from proceeds traceable to the offense alleged in Count One, and all property traceable thereto.

   f. All funds and other property on deposit in account number 0004503326, held in the name of Aventura Aviation LLC at Israel Discount Bank of New York, that constitute or are derived from proceeds traceable to the offense alleged in Count One, and all property traceable thereto.

<u>Substitute Assets Provision</u>

   12. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property

of the defendant up to the value of the forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

### SECOND FORFEITURE ALLEGATION

13. As the result of committing the money laundering offense in violation of Title 18, United States Code, Section 1956, alleged in Count Two of this Indictment, RICHARD AMMAR CHICHAKLI, a/k/a "Robert Cunning," a/k/a "Raman Cedorov," the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982, all property, real and personal, involved in the money laundering offense and all property traceable to such property, including but not limited to the following:

    a. At least $1,732,756.00 in United States currency, in that such sum in aggregate is property which was involved in the money laundering offense or is traceable to such property.

    b. All funds and other property on deposit in account number 2000033075123, held in the name of RP Aviation Inc. at Wachovia Bank, involved in the offense alleged in Count Two, and all property traceable to such property.

    c. All funds and other property on deposit in account number 0717213717, held in the name of Insured Aircraft Title Services at the International Bank of Commerce, involved in the

14

offense alleged in Count Two, and all property traceable to such property.

   d. All funds and other property on deposit in account number 00419223, held in the name of Aviation Refinancing Transaction LLC at Deutsche Bank, involved in the offense alleged in Count Two, and all property traceable to such property.

   e. All funds and other property on deposit in account number 0004503334, held in the name of Aventura Aviation LLC at Israel Discount Bank of New York, involved in the offense alleged in Count Two, and all property traceable to such property.

   f. All funds and other property on deposit in account number 0004503326, held in the name of Aventura Aviation LLC at Israel Discount Bank of New York, involved in the offense alleged in Count Two, and all property traceable to such property.

Substitute Assets Provision

  14. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

  (Title 18, United States Code, Section 982.)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

```
Form No. USA-33s-274 (Ed. 9-25-58)
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

RICHARD AMMAR CHICHAKLI,
a/k/a "Robert Cunning,"
a/k/a "Raman Cedorov,"

Defendant.

SUPERSEDING INDICTMENT

S3 09 Cr. 1002 (WHP)

(Title 18, United States Code,
Sections 371, 1343, 1349, 1956(h), and 2;
Title 50, United States Code, Section
1705.)

PREET BHARARA
United States Attorney.

A TRUE BILL

Foreperson.

10-25-13  Indictment filed  JM

F. Maas USMJ