Honorable William Pauley III
U.S. District Judge - SDNY
500 Pearl St.
New York, NY 10007

Subject: Memorandum in Response to
The Government's Proposed Request to Charge
Reference: U.S. V Richard Chichakly, case 09-cr-1002

The Government's Request to charge the Jury appears to be far distance from the crimes alleged in the indictment. That on top of being an overloaded extensive and selective quotations from guides and regulations. As such it is not helpful to the jury and it is misguiding and forming a situation of "Double Jeopardy", A situation that is intentionally created by the Government through the introduction of completely new and uncharged crime such as "Aiding and Abetting". It is not possible that the alleged actor who is charged with the crime to be "Aiding and Abetting his own self."

For a matter of fact "Aiding and Abetting" is a term that was not ever mentioned in the indictment or charged by the Grand Jury. Therefore Request No. 27 and all references to it should be delete. The defendant request the removal of Request No. 27.

Moreover, the question before this court and which ties the entire nine charges are is based

UPON ONE FACT WHICH IS "WHETHER OR NOT THE TRANSACTION SUBJECT TO COUNT-ONE WAS IN VIOLATION OF TITLE 50 OF THE U.S. CODE. A PERSON CANNOT BE CHARGED OR TRIED FOR BURNING A CABIN THAT DID NOT EXIST; FOR EXC... IF THE JURY FIND THE DEFENDANT NOT GUILTY OF VIOLATING OR CONSPIRING TO VIOLATE THE "IEEPA" THEN THE REMAINING CHARGES SHALL BECOME AUTOMATICALLY INVALID. A PERSON CANNOT BE CHARGED WITH MONEY LAUNDERING IF THE ALLEGED ILLEGAL ACTIVITY FOR WHICH THE FUND WAS TRANSFERRED; IN THIS CASE THE VIOLATION OF SANCTION, DID NOT EXIST.

THIS ENTIRE CASE IS PENDING UPON WHETHER OR NOT THE ALLEGED "OVERT ACT" WAS IN-FACT UNLAWFULL ACCORDINGLY THE JURY MUST BE INSTRUCTED TO OBSERVE AND CONSIDER THE FACT THAT

"IF THERE WAS NO VIOLATION OF TITLE-50, OFAC SANCTIONS, COUNTS TWO THROUGH NINE WILL NOT BE CONSIDERED"

THE DEFENDANT REQUESTS THAT THE COURT INSERT THE FOLLOWING STATEMENT AT THE BEGINNING OF THE INSTRUCTIONS FOR REQUESTS 17 THROUGH 28:

"IF YOU FOUND THE DEFENDANT NOT GUILTY IN COUNT ONE — CONSPIRACY TO VIOLAT IEEPA, YOU MUST FIND HIM NOT GUILTY OF THIS CHARGE ALSO"

Defendant also opposes the "Re-Arrangement" of charges for jury consideration because of the unfair influence it creates and the massive confusion it would cause in the jury room.

The indictment states three conspiracy charges followed by the wire fraud charges and there is no logical reason, no legal ground that supports the interruption of the jury process in considering conspiracy one, then two, then the last one which is number three "The Wire Fraud".

The jury will be in a perfect mind-set, having studied the "Conspiracy" instruction, to evaluate all the conspiracy charges without interruptions.

Defendant requests that the Court places Requests No 28 and 29 "Wire Fraud Conspiracy" immediately following Request No. 21 "Money Laundering Conspiracy".

Defendant also requests that the Court add to the title of Requests No. 19, 20, and 21 the word "Conspiracy" in order to match the charge in the indictment. The title of the request must match the titles in the related Requests No 17 and 18 to read "Counts Two: Money Laundering Conspiracy - ..."

DEFENDANT FURTHER OPPOSES THE ATTEMPT OF THE GOVERNMENT TO CONFUSE THE JURY WITH DATES AND VARIANCES AS IN REQUEST NO. 30, BY STATING THAT "IT DOES NOT MATTER IF A SPECIFIC EVENT OR TRANSACTION IS ALLEGED TO HAVE HAD OCCURED ON OR ABOUT CERTAIN DATE... etc." AS STATED IN PAGE 52 FIRST, SECOND, AND THIRD PARAGRAPHS.

THE GOVERNMENT OBTAINED THE INDICTMENT BY LIES ABOUT DATES. DATE OF CONSPIRACY, DATE OF TRANSACT, DATE OF SANCTIONS, AND DATE OF ASSET FREEZE, AND DATE OF APPLICATION OF TRAVEL BAN, PLUS FALSEFYING DATE OF ALLEGED MEETING WITH AVIATION COMPANY FACE TO FACE; ALL ARE LIES, ALL ARE FALSE, AND ALL ARE LIKELY WERE THE FACTOR FOR THE GRAND JURY IN DECIDING TO INDICT OR NOT INDICT.

DATES ARE CRUTIAL TO THIS CASE AS THEY ARE CRITICAL TO THE CHARGE ITSELF. A CONSPIRACY MUST HAVE "TIME PERIOD" AND IT CANNOT BE EXPANDED OVER "A LIFETIME."

ELEMENTS OF CONSPIRACY CLEARLY IDENTIFY THAT A CONSPIRACY MUST BE PROVEN TO HAVE STARTED "ON OR ABOUT DATE", SEE: INGRAM V. UNITES STATES, 360 U.S. 672, 79 S. Ct. 1314, 3 L. Ed. 2d 1503 (1959); UNITED STATES V. MARCHESE, 438 F.2d 452 (2d Cir)(PER CURIAM), cert. denied, 402 U.S. 1012 (1971). BASED ON THESE AUTHORITIES AND MANY MORE

DEFENDANT REQUEST THAT COURT IF CHOOSES TO REMOVE THE PHRASE " IT IS NOT ESSENTIAL THAT THE GOVERNMENT PROVE THAT THE CONSPIRACY OR SUBSTANTIVE CRIMES STARTED AND ENDED ON ANY DAT SPECIFIC DATE AND REPLACE IT IS CHOOSES BY THE FOLLOWING

" IT IS ESSENTIAL THAT THE GOVERNMENT PROVE THAT THE CONSPIRACY AND THE SUBSTANSIVE CRIME STARTED AND ENDED ON DATES SUBSTANTIALLY SIMILAR TO THOSE DATES ALLEGED IN THE INDICTMENT AND THE DATES ESTABLISHED BY TESTIMONY"

DEFENDANT REQUEST THAT SECOND PARAGRAPH OF REQUEST NO. 30 BE REMOVED ENTIRELY AS IT CONFLICTS DIRECTLY WITH THE LAW IN REGARDS TO THE MEETING THE REQUIREMENT OF "SUBSTANTIAL SIMILARITY, AND WHICH MUST APPLY TO "EVIDECE" CONTRARY TO THE GOVERMENT PROPOSED STATEMENT AT PAGE 52 LINE 1,2 3, AND 4. THEREFORE THE DEFENDANT REQUEST THE SECOND PARAGRAPH REMOVED AND REPLACE BY THE PROPPOSED STATEMENT ABOVE IF THE COURT CHOOSES TO DO SO

DEFENDANT OPPOSES THE GOVERNMENT REQUEST NO. 5, PAGE 8, PARAGRAPH 2 AND WHICH IS THE GOVERNMENT'S INTERPRETATION OF A CONGRESS ACT. THE PARAGRAPH IS NOT HELPFUL TO THE JURY AND IT IS EXHAUSTIVE AND SELECTIVE, IRRELEVANT ADDITION MATTER TO THE PURP JURY FUNCTION. IF THE REASONING FOR CONSPIRACY LAW IS IMPORTANT TO THE PROPER FUNCTIONING OF THE JURY, SO SHOULD BE THE

Reasoning and justifications of the Executive Order, IEEPA, OFAC Regulations, and every other law applicable in this case.

Accordingly, Defendant requests that the Court strike out and removes the entire second paragraph of Request No. 5, page 8, from "Congress has ...." through the end of the page at "to bloom".

Defendant further opposes Government Request No. 6 for using confusing language and for attempting to mislead the Jury by using words such as "understanding" to describe "agreeing".

To be guilty of conspiracy, a defendant must agree to commit each and every element of the crime that is the object of the conspiracy.

In United States v. Pinckney, 85 F.3d 4, 8 (2d Cir. 1996) the case held that Government must prove that the intended future conduct the co-conspirators agreed upon include all the elements of the substantive crime. A person understanding of a matter does not mean nor express nor imply his or her agreement with such matter.

Defendant request the removal of the word "understanding" from line 5, page 10, of Request 5

AND TO CHANGE THE STATEMENT AFTER "FIRST," ~~TO~~ IF THE COURT CHOOSES TO DO SO TO READ:

"FIRST, THE GOVERNMENT MUST PROVE THAT TWO OR MORE PERSONS ENTERED INTO AGREEMENT TO VIOLATE "IEEPA" ON OR ABOUT ~~2004 AU~~ AUGUST 2004"

THE DATE OF 2004 IS ESSENTIAL BECAUSE IF THE DEFENDANT IS NOT AN OWNER OF SAMAR AIRLINES THE CRIMES DOES NOT EXISTS BECAUSE TIT. 50 USCODE DOES NOT PROHIBIT THE DEFENDANT FROM PERFORMING A FUNCTION FOR NON-US ENTITY OUTSIDE THE U.S.

DEFENDANT OPPOSES GOVERNMENT REQUEST No. 7 FOR USING THE WORD "UNDERSTANDING" ~~AS~~ IN REPLACEMENT OF "AGREEMENT OR AGREEING" IN A MAJOR DEPARTURE OF THE TEXT OF LAW.

THE LAW SPECIFICALLY USE THE WORD "AGREEMENT" IN ORDER TO MAINTAIN THE OBJECTIVITY AND PROPER OPERATION OF THE LAW. THE USE OF WORDS AS "COMMON SENSE AND UNEXPRESSED UNDERSTANDING" MEANS NOTHING UNDER THE LAW." HOW WOULD AN UNEXPRESSED UNDERSTANDING MEAN AN AGREEMENT TO CONSPIRACY"

THE SUPREME COURT IN INGRAM V. UNITED STATES, 360 U.S. 672, 79 S.Ct HELD THAT IN ORDER TO SATISFY THE

- 8 -

its burden of proof, the Government must establish that two or more persons entered into agreement, not "much is left to the unexpressed understanding". See Eleventh Circuit Pattern Criminal Jury Instructions - No 4 at 13.1

Accordingly, Defendant request that the Court removes the words "or understanding" from line 3-4 page 11, first paragraph, and remove the phrase " A Conspiracy is a combination or agreement, or understanding" As such expression expand the definition of Conspiracy beyond the Expressed statute, and replace it if the Court chooses with

"A Conspiracy is an unlawful agreement of two or more people to accomplish by concerted or collective action a criminal or unlawful purpose"

Authority:
  Second Circ.: United States v. Marchese, 438 F.2d 452
  Fourth Circ.: United States v. Fleschner, 98 F.3d 155
  Fifth Cir.: United States v. Martin, 790 F.2d 1215
  Seventh Cir: United States v. Alegretti, 340 F.2d 243
  Tenth Cir: United States v. Kendall, 766 F.2d 1426
  Eleventh Cir: United States v. Solomon 686 F.2d 863
  Supreme Court: Ingram v. United States 360 US 672, 79 S.Ct

Defendant request that Court D: Removes the fourth paragraph on page 11, line 14 until the end of the text - including all subsequent paragraphs on page 12.

These paragraphs are inconsistent with the law, confusing to the jury by providing contradicting meanings, and include liberal application and use of "slangs".

Defendant further opposes the government use of the word "inferences" for being a subjective matter rather than objective; thus, it is confusing and cannot measure to a standard. Therefor, defendant request the removal of the words "inferences" from the paragraph starting at Line-5 until the end of the line at "those statements".

Defendant also oppose the government use of the wording "understanding way" for being confusing, unclear, and undefined by statute. On page 13 Line-8, 9 the government reverted to creating confusion in the jury's mind by using "understanding way" instead of "agreement". Defendant proposes the use of the following language if the court chooses so:

"It is sufficient to establish the existence of a conspiracy from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that at least two alleged co-conspirators agreed to conduct the unlawfull act, objective of the conspiracy charged in the indictment."

Defendant further opposes the government "argument" made in page 15, second paragraph

Starting at the end of line 7, through the end of line 9. "Government contends....." Jury instructions should not have arguments. ~~which~~

The jury's function is to evaluate the arguments they have already heard from both parties and consider evidence, etc. Insertion of argument by the government prejudice the defendant by placing undue influence on the jury to sway thier minds in a favorable way to the government.

Accordingly, defendant request the removal of the statement at lines 7, 8, and 9 at the end of paragraph-2 page-15 and which starts with "the government contends..." and ends with "...purpose of the conspiracy".

Defendant further opposes the government statement in request No.8, page 15, 3rd. paragraph because of its contradiction to the authorities cited earlier on page-6 of this memo.

To be guilty of conspiracy a defendant must agree to commit every and each element of the crime that is the object of the conspiracy. Thus; it is incorrect to instruct the jury to convict if the government fails to prove beyond reasonable doubt tha defendant was in-fact fully aware of ~~the~~ all the elements of the conspiracy and have agreed to it.

-11-

THEREFOR, DEFENDANT REQUESTS THAT THE COURT DELETE AND REMOVES THE THIRD PARAGRAPH OF REQUEST NO. 8, AND WHICH START ON PAGE 15, LINE-10 THROUGH LINE 20.

DEFENDANT OPPOSES GOVERNMENT REQUEST NO. 9 AS IT OVERSTRECHING THE NEXUS REQUIREMENT OF THE THIRD ELEMENT OF CONSPIRACY, MISSTATING THE REQUIREMENT, AND CONFUSING THE JURY.

THE INSTRUCTION PROVIDED BY THE GOVERNMENT IN PAGE 18 LINE 17 IS LEGALLY INCORRECT. THE GOVERMENT STATED "IT IS NOT EVEN NECESSARY FOR THE GOVERNMENT TO PROVE THAT ONE OF THE SPECIFIED OVERT ACTS TOOK PLACE"

IN FACT THAT IS NOT TRUE. "THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT, TO ESTABLISH THE OFFENSE OF CONSPIRACY, IS THAT AT LEAST ONE OF THE OVERT ACTS CHARGED IN THE INDICTMENT WAS KNOWINGLY COMMITTED BY AT LEAST ONE OF THE CONSPIRATORS, AT OR ABOUT THE TIME AND PLACE ALLEGED"

ACCORDINGLY, DEFENDANT REQUEST THAT THE ENTIRE CONFUSING AND INCORRECT TEXT BE REMOVED STARTING AT LINE 13 PAGE 18, THROUGH THE END OF PAGE 19.

-12-

Defendant opposes the Government request No. 10 for being incorrect and inconsistent with the date alleged in the indictment (S2) nor with the (S1) nor the original, nor the Government own sworn affidavit in this regard.

The Government superseding indictment (S3) cannot cure a defect in the previous and original indictment. Thus the date that was alleged was 2004 not 2007.

Defendant opposes Government request No. 11 for overreaching, inaccuracies, and for the use of prejudice langage which intended to be inflamiatory.

On page 21 line 16 and 17 the Government states that OFAC targets individuals whom are closely associated with Charles Taylor Liberia or significant to that regime. This is not true by OFAC declaration where it specify that "persons whom are purporting to act on behalf of a person who are blocked can be targetted" - that is insignifican and not closely affiliated - contrary to the Government statement therefor.

Defendant requests that the statement starting at line 15 from "Specifically, those..." until the end of paragraph Line-20 be deleted.

Defendant furthe request the Court removes the references to "Places outside the United States" and matters not subject to the indictment.

The Government is manufacturing lies and passing it to the jury by stating "the Defendant engaged in prohibited transaction with companies outside the U.S. "elsewhere". The indictment does not reference insurance either.

The Government is further manipulating the truth and charges by now changing th story upon which the Grand Jury indicted; the Government have always asserted that the Defendant is the owner of Samar Airlines and also asserted that he was at all relevant times the owner, operator, and controller, now they want to tell the jury tha he was acting on behalf of Samar Airline; which is not a criminal act under Title 50., notwithstanding placing Defendant in Double Jeopardy.

Defendant requests that the Court removes the entire paragraph on page 22

-14-

DEFENDANT OPPOSES GOVERNMENT REQUEST NO. 43 STARTING AT LINE-4 PAGE 68 FOR PREJUDICE AND FOR BEING CONFUSING, MISLEADING TO THE JURY, AND NOT HELPFUL.

THE REQUEST IS INTENDED TO INFORM THE JURY THAT THE TESTIMONY OF LAW ENFORCEMENT OFFICIALS CARRY THE SAME WEIGHT AS OF OTHER TESTIMONIES THUS; THE GOVERNMENT ATTEMPT TO PLACE IT ABOVE OTHERS BY "LESSINING" THE EFFECT OF SUCH TESTIMONY BE IMPEACHED BY DEFENSE (LINE 4-6)

DEFENDANT REQUEST THAT THE COURT REMOVES THE WORDING FROM LINE-4 STARTING AT " AT THE SAME TIME ---- " UNTIL THE END OF THE PARAGRAPH ON LINE-6 AT "...OUTCOME OF THE CASE."

DEFENSE RESPECTFULLY REQUEST THAT THE WORD "VIDEOS" TO BE ADDED TO GOVERNMENT REQUEST NO. 50 GIVEN THAT VIDEOS WILL BE USED AS PART OF THE EVIDENCE PRESENTED BY DEFENSE.

DEFENSE REQUESTS THAT THE COURT ADD, IF IT CHOOSES THE WORD "VIDEOS" AT THE BEGINNING OF LINE-1 PAGE 75 AFTER "THE" AND ON LINE-4 AT "..THESE.." AND ON LINE-6 AT " THE CHARTS, ..." AND FINALLY ON LINE-8

DEFENDANT FURTHER OPPOSES GOVERNMENT REQUEST NO. 42 AS SUCH EVIDENCE WOULD BE INADMISSIBLE UNDER RULE 404(b) FOR BEING IRRELEVENT

- 15 -

Defendant opposes Government Request No. 38 in its entirety, and in particular to the statement starting on Line-2 "The Government Asserts..." and ending on Line-3 the end of the paragraph.

The jury have heard the evidence in context with the testimonies of witnesses, including any statements made by defendant.

Thus, placing any extra emphasis on a particular piece of evidence is prejudice given that all evidence were presented equally before the jury during trial.

The act of giving special instructions regarding a "selective" act or statement is likely to infer to the jury that such piece of evidence is particularly special or different than any other piece of evidence that were presented during trial.

Defendant request that Government Request No. 38 be deleted for all the reasons stated above and for being confusing to the jury and contradictory in instructing as seen on Line-5 from "You may... but you are not required..." through the end of the page.

DEFENDANT OPPOSES GOVERNMENT REQUEST NO. 36 FOR INTENTIALLY OVER REACHING AND MISLEADING THE JURY, AND FOR PREJUDICE DEMONSTRATED IN CAPITALIZING THE DEFENDANT'S NAME ALONE IN THE PAGE, AS SEEN ON PAGE-61 LINE-1&2 AND FOR USING "PERSONAL NAME" RATHER THAN THE WORD "DEFENDANT" IN INTENTIONAL ACT TO PREJUDICE THE JURY GIVEN THAT THE DEFENDANT'S NAME IS UNCOMMON IN THE UNITED STATES.

THE GOVERNMENT RESORT TO USE THE DEFENDANT FULL NAME INTENDED TO SHOW HIS FORIEGN NATIONAL ORIGIN AND TO AMPLIFY HIS HEBREW OR ARABIC; ALL MID-ESTERN BACKGROUND, AS ALSO SEEN IN OTHER PAGES SUCH AS PAGE-14, PARAGRAPH-1, PAGE-5-THROUGOUT. THE ACT BY ITSELF IS PROHIBITED BY LAW THUS, IT IS ALSO AN INTENTIONAL ATTEMPT TO FORCE STEREOTYPING AMONG THE JURY AND POISON THIERE OPINION TO SWAY IT AGAINST THE DEFENDANT

THIS TACTICS RESEMBLES STRIKING SIMILARITY TO THE PREJUDICE AGAIST THE U.S. PRESIDENT. IF HE IS TO BE MADE GOOD HIS NAME IS "BARRAK OBAMA"; THUS, IF HE IS TO BE MADE TO LOOK BAD HIS NAME WOULD CHANGE TO "BARRAK HOUSSIEN OBAMA"

DEFENDANT REQUEST THAT THE COURT REMOVE THE ENTIRE GOVERNMENT REQUEST NO. 36 AND THE THE USE OF THE WORD "DEFENDANT" AS A REFERENCE TO INSTRUCT THE JURY.

-17-

Defendant opposes Government Request No. 24 for leading the jury with argument intended to sway their opinion unfairly by providing "examples" as in page 41 last paragraph, starting at line 16.

Defendant requests that the Court removed the stated paragraph from "For example..." line 16 through the end of the paragraph line 19. Defendant also request the removal of line 15 page 41 for the reasons stated above and for being an expansion and over-reaching.

Defendant opposes Government Request No. 24 for using ~~controdect~~ confusing language that would result in creating Double Jeopardy such as in the last paragraph on page 43 line 11 where the Government states "A person can be found to be a participant.... Even if he or she does not participate..."

Defendant request that the Court removes the said paragraph startin at line 11 on page 43 through the end of the page.

Defendant request the following statement added if the Court chooses

TO DO SO:

"However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant is a good defense however inaccurate the statements may turn to be. To conclude on this element, if you find the defendant was not a knowing participant in the scheme or that he lacked the specific intent to defraud, you should acquit him.

Adapted from the charge of Judge Weinfeld in United States v. Ranney, 82 Cr. 777 (SDNY 1983), and The United States v. Della Rocca 72 Cr. 217 (SDNY 1972)

For the reasons set forth above, the defendant objects to, does not agree with, or seek to modify the Government's suggested draft jury instructions.

Respectfully submitted

*[signature]*

Richard Chichakli (Pro-Se)
Defendant