USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-9-14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| -v.- | PRELIMINARY ORDER OF FORFEITURE/ MONEY JUDGMENT |
| RICHARD AMMAR CHICHAKLI, a/k/a "Robert Cunning" a/k/a "Raman Cedorov" | S3 09 Cr. 1002 (WHP) |
| Defendant. | |

------------------------------------x

WHEREAS, on or about October 25, 2013, RICHARD AMMAR CHICHAKLI a/k/a "Robert Cunning," a/k/a "Raman Cedorov" (the "Defendant"), was charged in a nine-count superseding Indictment, S3 09 Cr. 1002 (WHP) (the "Indictment"), with conspiracy to violate the International Emergency Economic Powers Act, in violation of 18 U.S.C. § 371 and 50 U.S.C. § 1705 (Count One); conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Two); conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (Count Three); and wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Counts Four through Nine);

WHEREAS, the Indictment included a forfeiture allegation with respect to Counts One and Three through Nine of the Indictment, seeking forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, of all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offense alleged in Counts One and Three through Nine of the Indictment, including but not limited to the following:

    a) At least $1,732,756.00 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the offenses;

b) All funds and other property on deposit in account number 2000033075123, held in the name of RP Aviation Inc. at Wachovia Bank, that constitute or are derived from proceeds traceable to the offense alleged in Count One, and all property traceable thereto;

c) All funds and other property on deposit in account number 0717213717, held in the name of Insured Aircraft Title Services at the International Bank of Commerce, that constitute or are derived from proceeds traceable to the offense alleged in Count One, and all property traceable thereto;

d) All funds and other property on deposit in account number 00419223, held in the name of Aviation Refinancing Transaction LLC at Deutsche Bank, that constitute or are derived from proceeds traceable to the offense alleged in Count One, and all property traceable thereto;

e) All funds and other property on deposit in account number 0004503334, held in the name of Aventura Aviation LLC at Israel Discount Bank of New York, that constitute or are derived from proceeds traceable to the offense alleged in Count One, and all property traceable thereto; and

f) All funds and other property on deposit in account number 0004503326, held in the name of Aventura Aviation LLC at Israel Discount Bank of New York, that constitute or are derived from proceeds traceable to the offense alleged in Count One, and all property traceable thereto;

WHEREAS, the Indictment included a second forfeiture allegation with respect to Count Two of the Indictment, seeking forfeiture to the United States, pursuant to 18 U.S.C. § 982, of all property, real or personal, involved in the money laundering offense and all property traceable such property, including, but not limited to, the following:

a) At least $1,732,756.00 in United States currency, in that such sum in aggregate is property which was involved in the money laundering offense or is traceable to such property;

b) All funds and other property on deposit in account number 2000033075123, held in the name of RP Aviation Inc. at Wachovia Bank, involved in the offense alleged in Count Two, and all property traceable to such property;

c) All funds and other property on deposit in account number 0717213717, held in the name of Insured Aircraft Title Services at the International Bank of Commerce, involved in the offense alleged in Count Two, and all property traceable to such property;

d) All funds and other property on deposit in account number 00419223, held in the name of Aviation Refinancing Transaction LLC at Deutsche Bank, involved in the offense alleged in Count Two, and all property traceable to such property;

e) All funds and other property on deposit in account number 0004503334, held in the name of Aventura Aviation LLC at Israel Discount Bank of New York, involved in the offense alleged in Count Two, and all property traceable to such property; and

f) All funds and other property on deposit in account number 0004503326, held in the name of Aventura Aviation LLC at Israel Discount Bank of New York, involved in the offense alleged in Count Two, and all property traceable to such property;

WHEREAS, on or about December 13, 2013, the Defendant was found guilty, following a jury trial, of Counts One through Nine of the Indictment;

WHEREAS, the Government seeks to forfeit the Defendant's interest in the following:

a) At least $1,732,576.00 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the offenses alleged in Counts One and Three through Nine and which was property involved in the money laundering offense alleged in Count Two or is traceable to such property;

3

b) $136,000 in United States currency and any interest accrued on deposit in account number 2000033075123, held in the name of RP Aviation Inc. at Wachovia Bank, that constitutes or is derived from proceeds traceable to the offense alleged in Count One and is property involved in the offense alleged in Count Two, and all property traceable to such property;

c) $700,000 in United States currency and any interest accrued on deposit in account number 0717213717, held in the name of Insured Aircraft Title Services at the International Bank of Commerce, that constitutes or is derived from proceeds traceable to the offense alleged in Count One and is property involved in the offense alleged in Count Two, and all property traceable to such property;

d) $380,000 in United States currency and any interest accrued on deposit in account number 00419223, held in the name of Aviation Refinancing Transaction LLC at Deutsche Bank, that constitutes or is derived from proceeds traceable to the offense alleged in Count One and is property involved in the offense alleged in Count Two, and all property traceable to such property;

e) Any and all funds currently on deposit in account number 0004510673 at Israel Discount Bank of New York, held in the name of Aventura Aviation Legal Dept Blocked Account c/o Leslie Case that constitutes (1) funds formerly on deposit in account numbers 0004503334 and 0004503326 in the name of Aventura Aviation LLC at Israel Discount Bank of New York (the "Former Accounts") and (2) interest accrued on the Former Accounts;

(b through e, collectively, the "Specific Properties")

WHEREAS, pursuant to 21 U.S.C. § 853(g) and Rules 32.2(b)(3) and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Properties to its possession and to notify any person who reasonably appears to be a potential claimant of its interest therein;

4

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One through Nine of the Indictment, to which the Defendant was found guilty, a money judgment in the amount of $1,732,756.00 in United States currency (the "Money Judgment") shall be entered against the Defendant.

2. As a result of the offenses charged in Counts One through Nine of the Indictment, to which the Defendant was found guilty, all of the Defendant's right, title and interest in the Specific Properties is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853.

3. Upon entry of a Final Order of Forfeiture as to the Specific Properties the Government will apply any and all funds forfeited towards the Defendant's Money Judgment.

4. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture/Money Judgment, this Order is final as to the Defendant, RICHARD AMAR CHICHAKLI, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

5. Upon entry of this Preliminary Order of Forfeiture/Money Judgment, the United States Marshals Service (or its designee) is authorized to seize the Specific Properties and hold the Specific Properties in its secure, custody and control.

6. Pursuant to 21 U.S.C. § 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site,

5

www.forfeiture.gov, notice of this Preliminary Order of Forfeiture/Money Judgment. Any person, other than the Defendant in this case, claiming an interest in the Specific Properties must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

7. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in the Specific Properties and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n).

8. Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

9. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Properties pursuant to 21 U.S.C. § 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.

10. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

11. Upon execution of this Order of Forfeiture, and pursuant to 21 U.S.C. § 853, the United States Marshals Service shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

12. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

13. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

14. The Clerk of the Court shall forward three certified copies of this Order to Assistant United States Attorney, Sharon Cohen Levin, Chief, Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
December 4, 2014

SO ORDERED:

HONORABLE WILLIAM H. PAULEY, III
UNITED STATES DISTRICT JUDGE