# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | DEFENDANT'S MOTION FOR EARLY |
| Plaintiff | TERMINATION OF THE TERM OF |
| v. | SUPERVISED RELEASE |
| RICHARD A. CHICHAKLI | |
| Defendant | CASE NO. 09-CR-1002 (WHP) |

1- Defendant Richard A. Chichakli, a Pro-Se defendant, MOVES this Honorable Court for an order to terminate the remaining (approximately) 11-months of supervised release to which defendant was sentenced by this Court in 2014 in accordance with 18 U.S.C. § 3583(e)(2),

2- Defendant prays that this Honorable District Court grants this motion pursuant to 18 U.S.C. § 3583(e)(2), and terminate the remaining 11-months of the two-years supervised release to which this defendant was originally sentences considering the following uncontestable facts:

  a. Defendant has already served his full prison sentence, and more than half of the term of supervised release to which he was sentenced. This defendant was released from the Jurisdiction of the Federal Bureau of Prisons on June 09, 2017; hens, as of this date he has already served more than half the Supervised Released sentence imposed by this Court.

  18 U.S.C. § 3583(e)(1) provides *("The court may . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of*

1

*probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."*).

    b. This defendant was released from prison to halfway house approximately one and half year ago, namely in February 2017. He was then further released to "unmonitored Home Confinement" in March, 2017; and since then, this Defendant has fully and completely complied with each and every term and condition imposed by sentence of this Court; *and*

    c. Defendant was ordered to pay $900.00 (nine hundred dollar) special assessment fee, in addition to the sum of $70,000.00 (seventy thousand U.S. dollars) in restitution. Defendant has already paid the entire $70,000 in restitution, and the $900 assessment ordered by this Court; *and*

    d. Defendant since released in February 2017 has maintained residence, earned income, and filed his taxes timely; *and*

    e. Defendant has fully complied with all the rules, regulations, requirements, and standards imposed by the U.S. Probation; *and*

    f. Defendants has not violated any federal or state laws or regulations, nor committed any infractions, nor violated any of the rules imposed by the halfway house or the US Probation, nor had contact with police or any law enforcement, nor has any traffic violation.

3- This defendant further asserts, that he is NOT CONVICTED of any crime for which a term of supervised release is required by statute according to 18 U.S.C. § 3583(a). See: <u>Johnson v. United States, 529 U.S. 694, 709 (2000)</u> (*supervised release departed from the parole system it replaced by giving district courts the "freedom to provide post-release supervision for those, and only those, who needed it"*); <u>United States v. Parker, 508 F.3d 434, 442 (7th Cir. 2007)</u> ("***Booker is applicable in this context; supervised release is discretionary absent a separate statutory provision making it mandatory.***"). *Emphasis added.*

Supervised release is mandated by statute ONLY for certain offenses involving domestic violence, kidnapping of a minor, drug trafficking, and sex offenses. *See: 18 U.S.C. § 3583(a) (for a domestic violence crime as defined by 18 U.S.C. § 3561(b)); 18 U.S.C. § 3583(k) (any offense under section 1201 involving a minor victim); 21 U.S.C. §§ 841, 846, 960 and 963; and 18 U.S.C. § 3583(k).*

4- Requests by defendants for early termination of supervised release is common and customary in the Southern District of New York, and is it routinely granted by the Court for offenses other than where Supervised Release is mandated.

5- Federal Rule of Criminal Procedure 32.1(c) provides that the court must hold a hearing unless the defendant has waived the hearing, or the relief sought is favorable to the defendant and does not extend the term of probation or of supervised release, and an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so.

ACCORDINGLY; this defendant believing that the relief he is seeking is favorable to him and does not extend the term of his supervised release; is hereby waiving his right to a hearing **UNLESS** the attorney for the Plaintiff objects, then, and in such case this defendant asserts his right for hearing and demands that the government show cause for opposing this motion.

WHEREFORE;

This defendant has demonstrated full compliance with the Orders of this Court, paid-off all of the financial obligation which he was ordered to pay, has served more than half of the terms imposed by this Court, and he has demonstrated full and complete adherence to the laws, Rules and regulations and conditions imposed in his sentence; and for all the reasons stated above, and in the interest of Justice; defendant prays that this

Honorable Court grants him an early termination of the reminder of the term of Supervised release imposed in 2014 by this Court in its sentence.

Dated: June 10, 2018
Plano, Texas

Respectfully Submitted

Richard A. Chichakli
Defendant (Pro Se)
2625 Van Buren Dr
Plano, TX 75074
Tel: (214) 444-1666
Email: richardchichakli@gmail.com

## CERTIFICATE OF SERVICE

I Richard A. Chichakli, a Pro-Se defendant, certify that on June 10, 2018 I served the attached document on the U.S. Attorney for the Southern District of New York via U.S. Post at the address listed below, and served a courtesy copy of this document via US Post and E-mail on the U.S. Probation Office in Plano, Texas.

Dated: June 10, 2018
Plano Texas

Respectfully Submitted

Richard Chichakli
Defendant (Pro-Se)
2625 Van Buren Dr
Plano, TX 75074
Tel: (214) 444-1666
Email: richardchichakli@gmail.com

Service address of U.S. Attorney – SDNY

United States Attorney's Office
1 St. Andrew's Plaza
New York City, NY 10007

Service address of U.S. Probation – Plano, Texas

United States Probation Office ED-TX
500 North Central Expressway, Room 220
Plano, TX 75074